## JAMES WILCOX v. THE STATE.

A jury room forming part of a courthouse is a public place within the contemplation of law, and the fact that it is occupied and appropriated by a particular citizen as a sleeping apartment will not make it a private place, or deprive it of its public character, unless such occupancy is by permission derived from the County Court.

Permission for such an occupancy obtained from the Sheriff and one of the County Commissioners would not suffice to divest the jury room of its public character.

On an indictment for playing cards in a public place, it is not incumbent on the State to prove that anything was bet or dependent on the game.

To entitle the defendant to an acquittal, he must prove affirmatively that nothing was bet or dependent upon the result of the game.

APPEAL from Guadalupe. Tried below before the Hon. A. W. Terrell.

The appellant and two other persons were indicted for playing
10

"at a game of cards at a public house, to wit, in the courthouse of said county, upon which game played as aforesaid money was bet."

It appeared from the evidence that the game was played in one of the jury rooms of the courthouse, which was occupied, when court was not in session, as a sleeping apartment by a person who had obtained the permission of the Sheriff and one of the County Commissioners so to occupy it.

The Court instructed the jury as follows: "If the evidence shows that the defendant within twelve months before the date of the finding of the indictment in this cause, played in a public house, as charged, at a game of cards, he would be guilty without the necessity of showing that anything was bet upon the game. If the defendant played in the public house as charged, he would be guilty unless the evidence shows affirmatively that nothing was bet or dependent on the result of the game. A jury room forming part of the courthouse is a public place in contemplation of law, and the fact that it is occupied and appropriated by a particular citizen as a sleeping apartment will not make it a private place, or deprive it of its public character, unless such occupancy is by permission derived from the County Court. If the occupant have the exclusive right to occupy and control it by permission from the County Court, then it would become a private room, if used only for a sleeping apartment; and a party who would play cards in such a place would not be subject to fine for gaming therein."

The defendant asked the court to charge the jury that if the jury room was occupied as a sleeping apartment by "permission of the Sheriff of the county with knowledge of the County Court," then while so occupied it was not a public place; which instruction was refused by the court.

*Ireland,* for appellant.

*Attorney-General,* for appellee, cited articles 409, 410, Penal Code.

BELL, J.   We are of opinion that the court below instructed

the jury correctly as to the law of the case; and that the judgment of the court below be affirmed.

Judgment affirmed.